1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | MYCHAL REED,

Case No.  1:23-cv-01431-ADA-BAM (PC)

12 |         Plaintiff,

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

13 |     v.

14 | BUCKEL, *et al.*,

(ECF No. 10)

15 |         Defendants.

**FOURTEEN (14) DAY DEADLINE**

16

17       Plaintiff Mychal Reed ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18 *pauperis* in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been

19 screened.

20 **I.     Motion for Preliminary Injunction**

21       On October 19, 2023, Plaintiff filed a motion requesting that the Court issue an order

22 directing Kern Valley State Prison officials to E-File all of Plaintiff's correspondence to the

23 Court, in Plaintiff's presence.  (ECF No. 10.)  Plaintiff states that the request is due to KVSP

24 prison officials intercepting and tampering with Plaintiff's legal mail to all courts.  (*Id.*)  The

25 Court construes the request as a motion for a preliminary injunction.

26       "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

27 *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a

28 preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

1    suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

2    favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction

3    may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation

4    omitted).

5          Federal courts are courts of limited jurisdiction and in considering a request for

6    preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

7    have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

8    *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

9    464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

10   power to hear the matter in question. *Id.*  Requests for prospective relief are further limited by 18

11   U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

12   the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

13   of the Federal right, and is the least intrusive means necessary to correct the violation of the

14   Federal right."

15         Furthermore, the pendency of this action does not give the Court jurisdiction over prison

16   officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

17   *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

18   in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555

19   U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

20         Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The

21   Court is required to screen complaints brought by prisoners seeking relief against a governmental

22   entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

23   complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

24   state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

25   who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

26         As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has

27   shown a likelihood of success on the merits.  In addition, no defendant has been ordered served,

28   and no defendant has yet made an appearance.  Thus, at this time the Court lacks personal

1   jurisdiction over prison officials at KVSP or any other staff who process Plaintiff's legal mail.

2          Finally, Plaintiff is informed that, pursuant to the Court's Local Rules, parties proceeding

3   *pro se* are required to file and serve paper documents, Local Rule 133(a), and may not utilize

4   electronic filing except with the permission of the assigned Judge or Magistrate Judge, Local Rule

5   133(b)(2).  Requests to use electronic filing as an exception to the Local Rules shall be submitted

6   as a written motion setting out an explanation of reasons for the exception.  Local Rule 133(b)(3).

7   The Court notes that Plaintiff may request an exception that will allow Plaintiff to personally

8   utilize electronic filing, but even if such an exception were granted, the Court would not issue an

9   order requiring prison officials to electronically file documents on Plaintiff's behalf.

10  **II.     Recommendation**

11         Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary

12  injunction, (ECF No. 10), be DENIED.

13         These Findings and Recommendation will be submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

15  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

16  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17  Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

18  specified time may result in the waiver of the "right to challenge the magistrate's factual

19  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

20  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21

22  IT IS SO ORDERED.

23      Dated:   __**October 23, 2023**__          ____/s/ *Barbara A. McAuliffe*____

24                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        3