# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUCKEL, *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-01431-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(ECF No. 12) |

　　Plaintiff Mychal Reed ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

　　Currently before the Court is Plaintiff's request for recusal of the undersigned from his case, filed October 23, 2023. (ECF No. 12.) Plaintiff states that after a careful and honest review of the undersigned's case files, he does not believe he can have a fair complaint process or trial with the undersigned presiding. Plaintiff, after conferring with other inmate litigants, also does not believe he can have a fair complaint process with the undersigned presiding. Plaintiff also attaches a letter directed to the Chief District Judge raising more general concerns regarding the processing of civil rights actions by the Court's Magistrate Judges, and expressing his desire for a jury trial with a District Judge, not a Magistrate Judge. (*Id.*)

　　A Magistrate Judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing

*Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," *Johnson*, 610 F.3d at 1147.

To the extent Plaintiff seeks assignment of his case to a District Judge for the purposes of a jury trial, the request is unnecessary. If Plaintiff does not consent to the jurisdiction of a Magistrate Judge for all purposes, and his case proceeds to a trial, a District Judge will preside over the trial. In the instant order, the undersigned considers only Plaintiff's arguments with respect to recusal.

Plaintiff's arguments are not sufficient to show personal bias or prejudice by the undersigned. Plaintiff states only that he has reviewed the case files of the undersigned and conferred with other inmate litigants, and on this basis requests recusal. However, Plaintiff does not provide any basis for his request that would support a finding that the undersigned holds any personal bias or prejudice concerning a party to this action, or other personal knowledge of disputed evidentiary facts concerning this proceeding. Plaintiff's conclusory allegations, based on nothing more than speculation, are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will therefore be denied.

Accordingly, Plaintiff's motion for recusal of Magistrate Judge, (ECF No. 12), is HEREBY DENIED. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **October 24, 2023**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE