# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>        Plaintiff,<br><br>    v.<br><br>BUCKEL, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01431-NODJ-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S JUDICIAL NOTICE<br>(ECF No. 17)<br><br>ORDER REGARDING PLAINTIFF'S DEMAND FOR JURY TRIAL<br>(ECF No. 20)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTIONS FOR RECUSAL OF MAGISTRATE JUDGE<br>(ECF Nos. 18, 21, 22, 23) |

Plaintiff Mychal Reed ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

Currently before the Court are various notices, motions, and demands filed by Plaintiff over the course of several weeks. The Court will address each below.

**I.    Plaintiff's Judicial Notice Regarding Motion for Preliminary Injunction**

On December 22, 2023, Plaintiff filed a "Judicial Notice" again notifying the Court that he filed a formal preliminary injunction motion on October 12, 2023 regarding denial of TTY-Telephone access and other retaliatory conduct by prison officials. (ECF No. 17.) Plaintiff also indicates that he sent a declination of Magistrate Judge jurisdiction that was not received

1

1  according to the docket sheet, and was not responded to by the Court.  Plaintiff argues that these
2  discrepancies are why he requested electronic filing of all documents in this case, as he believes
3  someone is tampering with his mail to the Court.  (*Id.*)

4       Plaintiff is informed that, as explained in the Court's December 11, 2023 order granting
5  Plaintiff's request for a copy of the docket in this action, no preliminary injunction motion
6  regarding Plaintiff's access to TTY-Telephone access was ever received in this action.  (*See* ECF
7  No. 16.)  However, Plaintiff is free to file a motion for the Court's consideration.  The fact that
8  the first attempted filing was not received by the Court does not, by itself, provide support for
9  Plaintiff's assertion that his legal mail is being tampered with or provide a reason for electronic
10 filing of his documents in this action.

11      Plaintiff is also informed that his prior indication of his consent or decline of Magistrate
12 Judge jurisdiction was timely received on October 12, 2023.  On the docket sheet previously
13 provided to Plaintiff, his decline of Magistrate Judge jurisdiction is indicated at ECF No. 8, which
14 reads: "CONSENT/DECLINE of U.S. Magistrate Judge Jurisdiction. Pursuant to Fed. R. Civ. P.
15 73(b)(1), this document is restricted to attorneys and court staff only. Judges do not have access
16 to view this document and will be informed of a party's response only if all parties have
17 consented to the referral. (Lundstrom, T) (Entered: 10/12/2023)."  The docket entry does not
18 specifically state that Plaintiff declined Magistrate Judge jurisdiction because those docket entries
19 are sealed and may not be accessed by Magistrate Judges until all parties have consented to a
20 referral.

21      Similarly, Plaintiff's most recent response regarding his consent or decline of Magistrate
22 Judge jurisdiction was received and filed under seal on December 26, 2023.  (ECF No. 19.)  To
23 the extent Plaintiff's Judicial Notice includes a request for another consent/decline form, the
24 request is denied as unnecessary, as Plaintiff's response was received shortly after the Judicial
25 Notice was filed.

26 **II.     Plaintiff's Demand for Jury Trial**

27      On December 26, 2023, Plaintiff also filed a demand for a jury trial, pursuant to Federal
28 Rule of Civil Procedure 38.  (ECF No. 20.)

1	Consistent with Plaintiff's request, claims brought under 42 U.S.C. § 1983 are triable by
2	jury. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999); Fed. R.
3	Civ. P. 38(a). Accordingly, unless the parties later stipulate to a court trial, this action shall
4	remain a jury action. Fed. R. Civ. P. 39(a). The jury trial will be presided over by a District
5	Judge, unless all parties have consented to the jurisdiction of a Magistrate Judge.

### III.	Plaintiff's Renewed Motions for Recusal of Magistrate Judge

7	Plaintiff also filed four separate motions renewing his request for recusal of the
8	undersigned Magistrate Judge from this action. (ECF Nos. 18, 21, 22, 23.) In his motions,
9	Plaintiff argues that recusal is appropriate because: (1) Plaintiff believes the undersigned is being
10	untruthful about not receiving his motion for preliminary injunction regarding TTY-Telephone
11	access and other retaliatory conduct and selectively receiving his decline of Magistrate Judge
12	jurisdiction; (2) the undersigned presided over a settlement conference in a prior action he
13	litigated; and (3) Plaintiff believes the undersigned has consistently exhibited partial and
14	dishonest behavior toward prisoner litigants in prior actions. (*Id.*) Plaintiff further states that if
15	his request is not granted, he will have no other choice but to file a formal complaint to the
16	Circuit Executive and/or a Writ of Mandate against the undersigned. (ECF No. 23.)

17	A Magistrate Judge must disqualify himself if "his impartiality might be reasonably
18	questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or
19	personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C.
20	§ 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will
21	rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing
22	*Liteky v. United States*, 510 U.S. 540, 555 (1994)).

23	The objective test for determining whether recusal is required is whether a reasonable
24	person with knowledge of all the facts would conclude that the judge's impartiality might
25	reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted);
26	*Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to
27	bias." *Johnson*, 610 F.3d at 1147.

28	First, Plaintiff is informed that although several of his requests are addressed to Chief

District Judge Mueller, motions to disqualify a judge must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Accordingly, the undersigned will address Plaintiff's motions.

Plaintiff's arguments are not sufficient to show personal bias or prejudice by the undersigned. As explained above, Plaintiff's belief that someone is tampering with his legal mail in this action (whether by the undersigned or some other individual or entity) is speculative. Plaintiff is free to refile his motion for preliminary injunction regarding TTY-Telephone access, and Plaintiff's responses regarding his consent or decline to Magistrate Judge jurisdiction were all received and filed with the Court. Further, the fact that the undersigned presided over a settlement conference in a prior action filed by Plaintiff does not, by itself, demonstrate impartiality with respect to the instant action. Finally, Plaintiff's unspecified allegations regarding the undersigned's partial and dishonest behavior in past prisoner civil rights actions, with no further explanation, cannot support a finding that the undersigned holds any personal bias or prejudice concerning Plaintiff or any other potential party to this action. Plaintiff's conclusory allegations, based on nothing more than speculation, are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The renewed requests for recusal will therefore be denied.

**IV.     Order**

Accordingly, Plaintiff's renewed motions for recusal of Magistrate Judge, (ECF Nos. 18, 21, 22, 23), are HEREBY DENIED. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **January 11, 2024**             /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE