# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>          Plaintiff,<br><br>  v.<br><br>BUCKEL, *et al.*,<br><br>          Defendants. | Case No. 1:23-cv-01431-NODJ-BAM (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CHANGE OF VENUE<br><br>(ECF No. 25) |

Plaintiff Mychal Reed ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for change of venue, filed January 19, 2024. (ECF No. 25.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating

1

that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).

In his motion, Plaintiff argues that the main defendants, Richard J. Donovan Facility ("RJDF") and RJDF officials, are located in the jurisdiction of the Southern District of California, and therefore for the convenience of the parties and witnesses, it would be more appropriate to litigate in the Southern District. (ECF No. 25.) In addition, Plaintiff argues that the constitutional violations all began at RJDF, and the bulk of Plaintiff's claims occurred at RJDF. (*Id.*)

In the complaint, Plaintiff raises claims arising from time periods when he was housed at RJDF (Claim I), California Correctional Institution ("CCI") (Claim II), and Kern Valley State Prison ("KVSP") (Claim III). (ECF No. 1.) Four of the named defendants are employed at RJDF, one is employed at CCI, four are employed at KVSP, and one is employed by the Office of Appeals for CDCR. (*Id.*) While Plaintiff is correct that claims that occurred while he was housed at RJDF could be brought in the Southern District, any claims that occurred while he was housed at California Correctional Institution and Kern Valley State Prison are more appropriately heard in this district. At this time, the Court expresses no opinion as to whether these claims are all appropriately joined or should be heard together in a single action.

This preliminary review of the complaint does not support Plaintiff's contention that the "bulk" of the events giving rise to this suit took place at RJDF. The Court further notes that, together with the complaint, Plaintiff filed a request for the Court to not transfer his complaint to a different court, and specifically requested that the complaint not be transferred to the Southern District. (ECF No. 1, pp. 9–10.) In that request, Plaintiff stated that he had a pending bias complaint against judges in the Southern District of California, and believed it would be a conflict of interest and subject him to additional prejudice if his case were transferred to that district. (*Id.*) Plaintiff does not address these concerns in his motion to change venue.

At this time, the Court does not find that Plaintiff's conclusory argument that the bulk of his claims occurred while he was housed at RJDF, particularly in light of his prior request to not have his case transferred to the Southern District of California, supports a transfer of venue at this

time. While Plaintiff has met the threshold burden of showing that at least some of his claims could have been raised in the Southern District, based on Plaintiff's motion and the current allegations in the complaint, the Court does not find that a "substantial part" of the events giving rise to Plaintiff's claims occurred in the Southern District of California.

Accordingly, Plaintiff's motion for change of venue, (ECF No. 25), is HEREBY DENIED, without prejudice. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **January 22, 2024**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE